

RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7 / 27 / 06
BY Dm

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 04-2239 |
| | CRIMINAL NO. 02-50023-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| EDWARD M. BASS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Doc. #80], filed by defendant, Edward M. Bass. For the reasons assigned herein, Bass' motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

## STATEMENT OF THE CASE

On November 15, 2002, defendant, Edward M. Bass ("Bass") pleaded guilty to Count Two of the indictment. Specifically, Bass pled guilty to conspiracy to import 3,4-Methylenedioxymethamphetamine (MDMA), commonly referred to as Ecstasy, a Schedule I controlled substance, into the United States to distribute for a profit. On April 15, 2003, Bass was sentenced to 135 months imprisonment with five years of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed this Court's judgment on November 12, 2003. United States v. Bass, No. 03-30408, 80 Fed. Appx. 918 (5th Cir. 2003). The judgment was issued as mandate on December 5, 2003.

On October 29, 2004, Bass filed this §2255 motion claiming that he received ineffective assistance of counsel based on counsel's alleged failure to assert that Bass was sentenced in violation of the law. On that same date, Bass filed a Motion to Issue a Writ of Habeas Corpus and to Stay

Proceedings which was denied on November 17, 2004. In February 2005, this Court denied two emergency petitions for a writ of habeas corpus. On April 15, 2005, Bass appealed the February denial Order. This Court then denied Bass' Motion for Certificate of Appealability ("COA") on April 20, 2005.

On May 1, 2006, the Fifth Circuit denied Bass' Motion for COA finding that Bass failed to make a substantial showing of the denial of a constitutional right when this Court denied Bass' two emergency petitions for a writ of habeas corpus. United States v. Bass, No. 05-30409 (5th Cir. 2006). This Court once again has jurisdiction over this matter and will address Bass' §2255 motion.

## LAW AND ANALYSIS

Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). A defendant "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994), citing United States v. Shaid, 937 F.2d 228, 232 (5th Cir.1991) (en banc) (citation omitted), cert. denied, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992)). If the error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of justice. Id.

Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in §2255 motions. Williamson, 183 F.3d at 462. Accordingly, to the extent Bass asserts claims regarding this Court's application of the Sentencing Guidelines, those claims are not cognizable under §2255. Bass should have raised these arguments on direct appeal. However, Bass'

claims that defense counsel allegedly failed to raise these arguments at sentencing and on appeal, although lacking in merit as discussed below, are at least cognizable.

Petitioner bears the burden of proving two components, deficient performance and prejudice, to establish ineffective assistance of counsel. Counsel's performance was deficient only if he made errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded a presumption of competency, he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Prejudice exists only if there is a reasonable probability that, but for the error, the result of the trial would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. Id. 104 S.Ct. at 2068.

The entitlement to effective assistance of counsel extends to one's first appeal of right. Evitts v. Lucey, 469 U.S. 387, 396-97, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985); United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000); United States v. Williamson, 183 F.3d 458, 462. The Court judges counsel's appellate performance under the same two-prong test of Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, applicable to trial performance. Philips, 210 F.3d at 348; Williamson, 183 F.3d at 462.

Counsel is not deficient for not raising every non-frivolous issue on appeal. See Phillips, 210 F.3d at 348; see also Williamson, 183 F.3d at 462. Instead, to be deficient, the decision not to raise an issue must fall "below an objective standard of reasonableness." Strickland, 466 U.S. at 688, 104 S.Ct. at 2064. The reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." Phillips, 210 F.3d at 348, quoting Williamson, 183 F.3d at 462.

3

Bass asserts that at sentencing and on appeal defense counsel failed to raise arguments based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), with regard to the drug quantity and type upon which his sentence was based. In Apprendi, supra, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362-63. In particular, Bass asserts that his sentence of 135 months imprisonment exceeded the statutory maximum penalty. Bass is incorrect.

Count Two of the indictment to which Bass pled guilty provided, in pertinent part, that:

> Beginning in early 2000, and continuing through at least August 2000 . . . in the Western District of Louisiana and elsewhere, the defendant, EDWARD MARTIN BASS . . . did knowingly and intentionally conspire and agree together to import controlled substances into the United States from Belgium . . . specifically, 3,4-Methylenedioxymethamphetamine (MDMA), commonly referred to as Ecstasy, a Schedule I controlled substance.
>
> \* \* \*
>
> All in violation of Title 21, United States Code, Section 952, and in violation of Title 21, United States Code, Section 963.

Pursuant to 21 U.S.C. § 960(a)(1) and (b)(1)(H), if the offense involves "5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers," a defendant "shall be sentenced to a term of imprisonment of not less than 10 years and not more than life." On the other hand, 21 U.S.C. § 960(b)(3) governs an offense involving a Schedule I controlled substance, as is involved here, without reference to quantity, and provides that a defendant "shall be . . . sentenced to a term of imprisonment of not more than 20 years." The prescribed statutory maximum in this case is either 20 years or a life sentence. The sentence

4

imposed in this case was 135 months which clearly falls within the statutory maximum.[1]

Accordingly, even if, as Bass asserts, his counsel at sentencing and on appeal failed to raise Apprendi, Bass would not have been entitled to relief. Bass' attorney cannot be deemed ineffective for failing to raise a meritless claim. Thus, Bass' claim based on Apprendi must fail.

Additionally, any allegation that Bass' attorney was ineffective for failing to argue Sixth Amendment violations based on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), must be dismissed as United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), finding that Blakely applies to the Sentencing Guidelines, had not been decided when Bass was sentenced or while this matter was on appeal.

Despite Bass' arguments to the contrary, Booker and Blakely do not apply retroactively to cases on collateral review. The Booker Court determined that its holding would apply to "all cases on direct review." Booker, 125 S. Ct. at 745. As this matter was no longer on direct review in January 2005 when Booker, supra, was decided, Bass' arguments based on Booker and Blakely are foreclosed. See United States v. Gentry, 432 F.3d 600, 601 (5th Cir. 2005).

Further, despite the Booker decision, it is clear that this Court's decision to increase Bass' sentence based on aggravating factors found by the court does not violate Bass' Sixth Amendment rights. In United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005), the Fifth Circuit held that judicial fact-finding is permissible. The Mares Court explained that, "[t]he Guideline range should be determined in the same manner as before Booker/Fanfan. Relatedly, Booker contemplates that,

---

[1] The Court notes that Bass signed a Plea Agreement [Doc. #60] that is filed in the record wherein he stated that he acknowledged and understood the statutory maximums applicable to Count Two of the indictment discussed above under 21 U.S.C. § 960(b). The Plea Agreement was signed on November 15, 2000, by Bass, the Assistant United States Attorney and Bass' counsel of record, Michael S. Fawer.

5

with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." Id. (citing Booker, 125 S. Ct. at 750, 764). It is clear that in sentencing Bass, the court was free to consider aggravating factors without violating Bass' Sixth Amendment rights.

## **CONCLUSION**

For the reasons stated above, Bass has failed to meet his burden of proof under Strickland. Bass' motion is therefore **DENIED**, and his claims must be **DISMISSED**.

/s/ Donald E. Walter
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE